## Commonwealth v. Blue Mountain Stone Company.

*Waters, pollution of—Right of Commonwealth to complain without showing injury to any one.*

1. Pollution of a private stream is an injury which only the riparian owners can complain of, unless the public has acquired rights in the water through condemnation by a water company, or unless the particular pollution violates a statute intended for the preservation of the public health.

2. A bill in equity filed by the Commonwealth, which averred the pollution of a private stream by the discharge into it of waste of a manufacturing plant, and that the defendant had been notified by the chief engineer and attorney of the Sanitary Water Board of Pennsylvania to cease the pollution, but had failed to comply and proposed to continue the same, without averring that there were riparian owners on the stream or that any of the waters were used by individuals as lower riparian owners, or as members of the public for domestic purposes, watering of stock or anything else, was held defective on preliminary answer.

Preliminary answer and objection to bill in equity. C. P. York Co., Aug. T., 1926, No. 3.

*George W. Woodruff,* Attorney-General; *Arthur C. Dale,* Assistant Attorney-General, and *Amos W. Herrmann,* District Attorney, for plaintiff.

*Schmidt, Keesey, Stair* and *Kurtz,* for defendant.

NILES, P. J., Nov. 8, 1926.—This suit is brought by the Commonwealth against the defendant for the purpose, as stated in the bill, of enjoining and abating a certain common nuisance. The material allegations, when condensed, are: The Blue Mountain Stone Company, the defendant, since Aug. 1, 1922, has been discharging into Sewago Creek slate dust, produced in its manufacture of slate granules for roofing material, at its property, four miles from the place where the creek empties into the Susquehanna River. This dust is a waste material whereby the waters of the creek become contaminated to such an extent as to render them utterly useless and unfit for domestic purposes and for the watering of live-stock, and destructive to the pure waters

Commonwealth v. Blue Mountain Stone Company.

before that time in said creek, in violation of the rights of lower riparian owners and of the rights of the public in and to the said pure stream of water.

It is alleged that the slate dust so discharged is a harmful substance, destroying vegetation along the banks of the creek, covers the bottom with a thick sediment, is deposited along the edge of the stream, and a large portion remains in suspension in the waters throughout its entire length of four miles from the plant of the defendant along the west bank of said Susquehanna River for a considerable distance. The water is rendered unfit for use, aquatic life cannot exist in the stream, cattle and other stock cannot drink the water, and the water cannot be used for domestic purposes. The defendant has been notified by the chief engineer and attorney of the Sanitary Water Board of Pennsylvania to cease discharging the slate dust into the creek, but has failed to comply, and proposes to continue such discharge in the line of their regularly established business in the locality.

The bill does not allege that there are riparian owners between the plant of the defendant and the Susquehanna River, nor that any of the waters of the creek are used by any individuals, as lower riparian owners or as members of the public, for domestic purposes, watering of stock or anything else. There is no allegation that the general public uses the water of the stream, or any facts from which it might be inferred how the alleged pollution is dangerous to the public health, or that the alleged acts of the defendant are in violation of any statute.

The bill presents the bare proposition that a manufacturing operation is continuing to discharge slate dust into a creek, and has refused to desist, after request by the engineer and attorney of the Sanitary Water Board on the ground that the slate dust is polluting a pure stream of water through the last four miles of its course into the Susquehanna River.

The answer of the defendant preliminarily objects that: "First, the bill does not allege any acts of the defendant prejudicial to the interests of the community. Second, the facts alleged in the bill, if true, constitute only a private nuisance which the Commonwealth has no interest or standing to restrain. Wherefore, the defendant avers that the foregoing objections constitute a full and complete defence to plaintiff's claim, which does not require the production of evidence to sustain it, and prays that the bill of complaint be dismissed."

All that the bill definitely alleges is that the acts of the defendant might constitute a private nuisance if there were any riparian owners along the four miles of the creek between defendant's plant and the Susquehanna River who were deprived of their rights to the otherwise pure water of the creek by the alleged violation by the defendant.

Pollution of a private stream is an injury which only the riparian owners can complain of, unless the public has acquired rights in the water through condemnation by a water company, or unless the particular pollution violates a statute intended for the preservation of the public health: Com. v. Yost, 197 Pa. 171; Com. v. Kennedy, 240 Pa. 214; Mountain Water Supply Co. v. Sagamore Coal Co., 3 D. & C. 187, 225.

It seems plain that, supposing all of the allegations of this bill should be established by legal evidence, riparian owners alone would have a standing as plaintiffs in an action or a suit and defendant would not be liable to the public, either on an indictment or by a bill in equity filed by the Commonwealth.

For these reasons, the objections raised by the answer are sustained.

And plaintiff is required to amend accordingly, under penalty of a dismissal of the bill, within thirty days.     From Richard E. Cochran, York, Pa.